# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK OVERALL, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-1666 |
| BALTIMORE GAS & ELECTRIC, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

### *I. Background*

Mark Overall filed a Petition for Declaratory and Injunctive Relief against Baltimore Gas and Electric ("BGE"). (Compl., ECF No. 1.) He alleges BGE, based on earlier utility account delinquencies at the same address, refuses to open utility service accounts for houses that he leases from someone else and then sublets portions of such houses to tenants. (*Id.* ¶¶ 4, 6.) He asserts three federal claims and one Maryland state law claim. He alleges BGE has violated the Fair Debt Collection Practices Act ("FDCPA"), his right to substantive due process, his right to procedural due process, and Maryland state law regarding denial of utility services. BGE has moved to dismiss the complaint for failure to state a claim for relief as to the federal claims and for lack of jurisdiction as to the state claim. (ECF No. 8.) The Court has considered it and Overall's response (ECF No. 10). The motion will be granted.

### *II. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## III. Analysis

Overall's complaint fails to state a federal claim for relief. As to the FDCPA, Overall alleges BGE uses the termination or denial of utility services as a means to collect debt. But any debt that BGE is trying to collect on defaulted utility accounts is debt that BGE owns. When so acting, BGE does not meet the definition of debt collector under the FDCPA and, hence, Overall has no viable claim for relief under that statute. *See* 15 U.S.C. § 1692a(6) (2017) ("debt collector defined as one who "regularly collects or attempts to collect . . . debts owed or due . . . another"), *construed in Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).

Overall's claims as to denial of substantive due process and procedural due process depend upon BGE's being a state actor under 42 U.S.C. § 1983. That statute allows suits against individuals or entities acting under color of state law to deprive a person of rights, privileges, or immunities conferred by federal law. As BGE points out in its motion (Mot. Dismiss 5-6), the

2

United States Court of Appeals for the Fourth Circuit has recognized four circumstances under which a private party may be deemed a state actor:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen. If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state.

*Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993). None of these circumstances applies to BGE. Further, the fact that BGE may be a monopoly provider of utility services in Maryland does not render it a state actor. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350-51 (1974) ("the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself"; monopoly status insufficient *per se* to confer "state actor" status on public utility). Overall's complaint fails plausibly to allege any state action by BGE. Therefore, his due process claims fail.

## IV. Conclusion

The complaint in this case fails to state a claim for relief as to any federal question, and diversity jurisdiction does not exist. Consequently, BGE's motion will be granted. Overall's federal claims will be dismissed, and the Court will decline to exercise supplemental jurisdiction over his state claim.

DATED this 13th day of September, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge